

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Mr. Sheppard:          Opinion No. O-5170

         Re: Issuance of warrants by Comp-
         troller upon vouchers approv-
         ed by a director of Guadalupe-
         Blanco River Authority in the
         capacity of General Manager of
         the Authority.

    Your letter of March 29 requests the opinion of
this department upon the question whether you are authorized
to issue warrants upon vouchers approved by E. M. Cape, as
General Manager and H. A. Wagenfuehr, as Treasurer of Guada-
lupe-Blanco River Authority, (both Mr. Cape and Mr. Wagen-
fuehr being directors of the Authority) in view of Opinion
No. O-5117.

    The Act creating the Authority (Acts 1935, 44th
Legislature, First Called Session, p. 1612, ch. 410) vests
in the Board of Directors the power to manage and control
the affairs of the District (Sec. 4), and provides in Sub-
section (a) of Sec. 4:

     "Each director shall receive Ten Dollars
  ($10) per day for each day spent in attending
  meetings of the Board, <u>and any other business
  of the District that the Board thinks necessary</u>,
  plus actual traveling and other expenses."

    The portion of the quotation from the Act which we
have underlined clearly contemplates that the Board shall have
the authority to require one of its members to attend to "any
business of the District" that the Board thinks necessary.
Under such authority, it is competent for the Board to direct

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Geo. H. Sheppard - page 2

that one of its members discharge the duties of General Manager and another the duties of Treasurer of the Authority. In such event, the director does not hold two offices, or an office and a position, in violation of the Constitution, Article 16, Sections 33 or 40; but the duties specially devolved upon the director by action of the Board pertain to the office of director. Jones v. Alexander, 122 Tex. 326, 59 S. W. (2) 1030; First Baptist Church v. City of Fort Worth, 17 S. W. (2) 130, affirmed (Com. App.) 26 S. W. (2) 196; Rucaline Medicine Co. v. Standard Inv. Co., (Civ. App.) 25 S. W. (2) 259.

When a director thus discharges duties pertaining to the subordinate position of Treasurer or General Manager of the Authority, however, his compensation for such services is fixed by the Act at a per diem of $10 "for each day spent in attending * * * (to) any other business of the District that the Board thinks necessary, * * *". Compensation for all services that may be rendered by a director having thus been fixed by the Act, the Board may not allow the director discharging the duties of Treasurer, General Manager, or any other position of the District, a greater compensation. Board of Trustees of Independent School District of Houston v. Dow, (Civ. App.) 63 S. W. 1027.

You are therefore advised that issuance of warrants should not be refused by you on the ground that the vouchers are approved by a General Manager and a Treasurer, who are also directors of the Authority.

Opinion No. O-5117 does not conflict with the holding herein made. In the next to the last paragraph of that opinion we pointed out that the director in question was entitled to compensation under Subsection (a) of Section 4, if he qualified under such provision -- that is, if his claim, instead of for a salary of $100.00 per month, was made for the statutory per diem for days actually spent in discharging the duties of General Manager at the request of the Board of Directors.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By R. W. Fairchild
R. W. Fairchild
Assistant

RWF-MR

APPROVED OPINION COMMITTEE BY BWB CHAIRMAN